IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00435-GPG

CHADDRICK THOMAS,

    Applicant,

v.

BARRY GOODRICH, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER TO FILE PRE-ANSWER RESPONSE

---

    Applicant Chaddrick has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. ECF No. 6.  Applicant is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this case, the Court has determined that a limited Pre-Answer Response is appropriate.  Respondents are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008), to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) and/or procedural default.  If Respondents do not intend to raise any of these affirmative

defenses, they must notify the Court of that decision in the Pre-Answer Response. Respondents may not file a dispositive motion as the Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Pre-Answer Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Applicant should also include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court, and any information relevant to overcoming a procedural default, such as cause and prejudice or the existence of a fundamental miscarriage of justice.

Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** Respondents shall file a Pre-Answer Response that complies with this Order and addresses exhaustion, timeliness, and jurisdiction issues. It is

FURTHER ORDERED that **within twenty-one days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, they must notify the Court of that decision in the Pre-Answer Response.

Dated:  April 26, 2016

                                            BY THE COURT:

                                            s/Gordon P. Gallagher
                                            United States Magistrate Judge